## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**TODD WELDON SMITH**                                                    **PLAINTIFF**

v.                              **Case No. 4:20-cv-01115 KGB**

**NORTHLAND CAPITAL**
**FINANCIAL SERVICES, LLC,**
**and CHARLES SCHINDLER**                                    **DEFENDANTS**

### ORDER

Before the Court are separate defendant Northland Capital Financial Services, LLC's ("Northland") objection and motion to strike amended complaint and renewed motion to dismiss complaint and plaintiff Todd Weldon Smith's motion to amend complaint (Dkt. Nos. 17, 21).  Mr. Smith responded in opposition to Northland's motion (Dkt. No. 22).  For the following reasons, the Court grants, in part, and denies, in part, Northland's objection and motion to strike amended complaint and renewed motion to dismiss (Dkt. No. 17).  The Court grants Mr. Smith's motion to amend complaint and directs Mr. Smith to file his amended complaint within 14 days of entry of this Order (Dkt. No. 21).

### I.      Background

On August 10, 2020, Mr. Smith filed his complaint in the Circuit Court of White County, Arkansas, asserting causes of action against Northland for:  (1) fraud; (2) malicious prosecution and abuse of process; (3) negligence and negligent supervision; (4) conspiracy and extortion; (5) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1601, *et seq.*; and (6) the tort of outrage (Dkt. No. 2).  Mr. Smith also alleged fraud against separate defendant Charles Schindler (*Id.*, ¶ 11).  Northland removed the case to this Court on the basis of diversity jurisdiction (Dkt. No. 1).

On September 18, 2020, Northland moved to dismiss Mr. Smith's original complaint (Dkt. No. 5).  When responding to the motion to dismiss, Mr. Smith included a request for leave to amend his complaint but failed to attach his proposed amendment in accordance with the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas (Dkt. No. 7, ¶ 3).  The Court denied without prejudice Northland's motion to dismiss, subject to Northland refiling and renewing the motion if appropriate (Dkt. No. 13).  The Court directed that, if Mr. Smith wished to file a motion for leave to file amended complaint, Mr. Smith should file such a motion which complied with the Local Rules within 14 days of entry of its Order (*Id.*).  The Court further directed that Northland could refile and renew its motion to dismiss, should Mr. Smith fail to file a motion for leave to amend his complaint (*Id.*).

On September 23, 2021, without permission of the Court, Mr. Smith filed an amended complaint (Dkt. No. 16).  In his amended complaint, Mr. Smith restates generally the same allegations as in his initial complaint but drops his cause of action against separate defendant Mr. Schindler "since he has been discharged in Chapter 7 bankruptcy" (*Id.*, ¶ 1).  Mr. Smith also adds the handwriting report of Dawn Phillips, Ed.D., and alleges that Northland submitted fraudulent documents to Farm Credit Leasing Corporation (*Id.*, ¶ 2).

Northland moves to strike Mr. Smith's amended complaint and renews its motion to dismiss Mr. Smith's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. No. 17).  On November 1, 2021, Mr. Smith filed a motion to amend complaint (Dkt. No. 21).  Mr. Smith attached to the motion as a proposed amended complaint the amended complaint he previously filed without the Court's leave on September 23, 2021 (*Id.*, at 3–62).  Mr. Smith then responded in opposition to Northland's motion on the grounds that he has since filed a motion to amend his complaint (Dkt. No. 22).

## II.        Motion To Strike Amended Complaint And Renewed Motion To Dismiss

Northland objects to Mr. Smith's amended complaint and requests that the Court strike the filed amended complaint for failure to comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas, and this Court's prior Order (Dkt. Nos. 17, 18).  Northland also objects to any further amendment of Mr. Smith's complaint on the basis that such amended pleading would be futile and would not withstand a motion to dismiss (Dkt. No. 18, at 5).  Northland renews its motion to dismiss Mr. Smith's complaint, including Mr. Smith's purported amended complaint, for failure to state a claim upon which relief may be granted.

Local Rule 5.5(e) provides that "[a] party who moves to amend a pleading shall attach a copy of the amendment to the motion.  The motion must contain a concise statement setting out what exactly is being amended in the new pleading[.]"  By previous Order, the Court directed that, if Mr. Smith wished to file a motion for leave to file amended complaint, Mr. Smith had to file such a motion in compliance with the Local Rules (Dkt. No. 13).  As the Court explained, Mr. Smith in his request for leave to amend his complaint did not attach a copy of the proposed amendment nor did he set out exactly what would be amended in the new pleading (*Id.*, at 5).  The Court therefore directed Mr. Smith to file a motion for leave to amend his complaint in compliance with the Local Rules (*Id.*).  The Court did not grant Mr. Smith leave to file an amended complaint.

Further, Federal Rule of Civil Procedure 15 sets forth the circumstances in which a party may amend its pleading as a matter of course, without first obtaining the permission of opposing parties or seeking Court permission to do so.  Fed. R. Civ. P. 15.  Those circumstances were not present when Mr. Smith filed his amended complaint without the other parties' permission or leave of Court, and the Court therefore strikes the amended complaint (Dkt. No. 16).

3

The Court notes that Mr. Smith has filed a motion to amend complaint (Dkt. No. 21). A motion to amend a complaint generally renders moot a motion to dismiss the previously filed complaint. *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002). The Eighth Circuit held in *Pure Country, Inc. v. Sigma Chi Fraternity* that the district court plainly erred in denying as moot the plaintiff's motion to amend the complaint after the district court granted the defendants' motion to dismiss the original complaint. *Id.* Accordingly, the Court denies without prejudice at this time Northland's renewed motion to dismiss Mr. Smith's complaint (Dkt. No. 17). For reasons explained in this Order, Northland may refile and renew the motion, if appropriate.

For these reasons, the Court grants, in part, and denies, in part, Northland's objection and motion to strike amended complaint and renewed motion to dismiss (Dkt. No. 17). The Court directs the Clerk of Court to strike from the record the amended complaint that Mr. Smith filed on September 23, 2021, without leave of Court and directs the Clerk of Court not to terminate as a defendant in this action Mr. Schindler, who was dropped by Mr. Smith in the improperly filed amended complaint (*Id.*). The Court denies without prejudice at this time Northland's renewed motion to dismiss, subject to Northland refiling and renewing the motion, if appropriate (*Id.*).

### III.    Motion To Amend Complaint

The Court next addresses Mr. Smith's motion to amend complaint (Dkt. No. 21). In his motion, Mr. Smith requests that he be allowed to file the amended complaint which was originally filed without leave of Court on September 23, 2021[1] (Dkt. No. 21, ¶ 8). Mr. Smith states that his attorney "mistakenly filed the complaint without complying with Local Rule 5.5(e)" (*Id.*).

---

[1]  Mr. Smith erroneously refers to 2020 in this paragraph, but from the context, the Court understands the intended reference to be 2021 (Dkt. No. 21, ¶ 8).

4

Mr. Smith's motion to amend complaint complies with Local Rule 5.5(e).  Mr. Smith has provided the Court with a copy of his proposed amended complaint (Dkt. No. 21, at 3–62). According to Mr. Smith, his amended complaint includes the following changes (Dkt. No. 21, ¶ 6).  First, Mr. Smith drops his cause of action against separate defendant Mr. Schindler since he has been discharged in Chapter 7 bankruptcy, according to Mr. Smith (Dkt. No. 21-1, ¶ 1).  Second, Mr. Smith adds the handwriting report of Dawn Phillips, Ed.D., and alleges that Northland submitted fraudulent documents to Farm Credit Leasing Corporation (*Id.*, ¶ 2).  Mr. Smith asserts that he should be allowed to develop this additional fraud theory against Northland through discovery (*Id.*).  Third, Mr. Smith adds a paragraph in which he requests "a chance to amend his complaint a second time after the Court rules on any issue for Defendant because Plaintiff cannot determine what is important to the Court regarding Plaintiff's causes of action" (*Id.*, ¶ 3).  In the same paragraph, Mr. Smith asserts his belief that his amended complaint has met the requirements of a series of Arkansas Model Jury Instructions, that Dr. Phillips' expert opinion "clearly shows" the documents were forged, and that Northland knew Mr. Schindler forged the documents (*Id.*).

The Federal Rules of Civil Procedure[2] favor amendment.  While there is no absolute or automatic right to amend, under the liberal amendment policy of Rule 15(a), "denial of leave to

---

[2]  Mr. Smith appears to argue that his motion should also be granted pursuant to Rule 15(a) of the Arkansas Rules of Civil Procedure (Dkt. No. 21, ¶ 8).  He states:

> This case is a diversity case under 28 U.S.C. § 1332.  Arkansas law on amendment of pleadings should be liberally considered . . .  Since diversity rests upon citizenship of the parties, the Court should consider the law of Arkansas on amended of pleadings which is liberal and Defendant is not prejudiced.

(*Id.*).  Despite Mr. Smith's contentions, Arkansas procedural law does not govern the instant motion to amend complaint.  Under the doctrine of *Erie R. Co. v. Tompkins*, federal courts sitting in diversity apply state substantive law and federal procedural law.  304 U.S. 64 (1938).  Rule 15(a) of the Federal Rules of Civil Procedure controls the instant case.  *See Hanna v. Plumer*, 380 U.S. 460, 463–64 (1965); *Burlington Northern R. Co. v. Woods*, 480 U.S. 1 (1987).

amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)).

The Court understands that Northland objects to further amendment of Mr. Smith's complaint on the basis that such amended pleading would be futile and would not withstand a motion to dismiss (Dkt. No. 18, at 5). The Court is aware of the inconvenience caused by permitting Mr. Smith to file an amended complaint at this stage. The Court does not understand Northland to assert, however, that that it will be prejudiced if the Court permits Mr. Smith to amend his complaint. Based on the record before it and in the light of the lenient amendment standard under Rule 15(a), the Court grants Mr. Smith's motion to amend complaint (Dkt. No. 21). Mr. Smith must file his proposed amended complaint within 14 days from the entry of this Order. Then, Northland may refile and renew its motion to dismiss the operative complaint, if appropriate.

## IV.    Conclusion

For the foregoing reasons, the Court grants, in part, and denies, in part, Northland's objection and motion to strike amended complaint and renewed motion to dismiss (Dkt. No. 17). The Court strikes from the record Mr. Smith's improperly filed amended complaint, and the Court denies without prejudice at this time Northland's renewed motion to dismiss Mr. Smith's complaint (*Id.*). Mr. Smith's motion to amend complaint is granted, and he has 14 days from the date of this Order to file his amended complaint (Dkt. No. 21). Then, Northland may refile and renew its motion to dismiss the operative complaint, if appropriate.

The Court, on its own motion, removes this matter from the trial calendar for the week of May 16, 2022 (Dkt. No. 15).  The Court will issue an amended final scheduling order by separate order.

It is so ordered this 9th day of May, 2022.

_____
Kristine G. Baker
United States District Judge